IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:17-CV-124-FL

| | | |
|---|---|---|
| BARBARA WHITTED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 15, 21). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

## BACKGROUND

On March 5, 2014, plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning December 4, 2013. The claims were denied initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after a February 22, 2016, hearing, denied plaintiff's claims by decision entered April 22, 2016. Following the ALJ's denial of her applications, plaintiff timely filed a request for review , and the Appeals Council denied plaintiff's request for review,

leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on June 20, 2017, seeking review of defendant's decision.

**COURT'S DISCUSSION**

A. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 4, 2013. At step two, the ALJ found that plaintiff had the following severe impairments: moderate to severe multilevel degenerative disc disease of the cervical spine status post anterior cervical discectomy and fusion, and hypertension. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, except the plaintiff can frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; occasionally handle, finger, push, pul, and reach overhead bilaterally; and plaintiff must avoid concentrated exposure to hazards. At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff argues that the ALJ erred in determining that she was able to perform the 20 pound lifting requirement of light work, without conducting a function-by-function analysis crediting plaintiff's testimony that she is unable to lift over 10 pounds.[1]

---

[1] The magistrate Judge addressed additional arguments raised by plaintiff concerning Listing 1.04A and opinion evidence, to which plaintiff has not articulated specific objections. Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate Judge's treatment of these issues.

An ALJ's residual functional capacity assessment must "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (quotations omitted). The Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." Id. However, "remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quotations omitted). For example, in Mascio, the Fourth Circuit determined that remand was required where the ALJ failed to "explain how he decided which of [the claimant's] statements to believe and which to discredit, other than the vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering [the claimant's] residual functional capacity." Id. at 640.

Remand is not required in this instance because the ALJ adequately discusses in her decision the functional limitations alleged by plaintiff. In addition, although the ALJ did not perform an "explicit function-by-function analysis," id., the ALJ's discussion is sufficiently detailed to enable meaningful review. Likewise, the ALJ discusses conflicting evidence in the record as to plaintiff's RFC, allowing for the court to discern an "accurate and logical bridge from the evidence to [the ALJ's] conclusion." Monroe, 826 F.3d at 189.

As an initial matter, the ALJ discussed in her decision plaintiff's allegations of "weakness and tingling in the bilateral hands," as well as "recent evidence of weakness in the claimant's upper extremities." (Tr. 24). The ALJ, however, concluded that her limitations "are not debilitating," based upon a detailed review of evidence in the record bearing on plaintiff's alleged upper extremity

5

weakness, including examination findings and reports bearing upon strength. (Tr. 23-24). This discussion included the following findings:

1)  "At an evaluation in January [2014], the claimant had a mild tremor in her right upper extremity and reduced strength, however, her left upper extremity had full range of motion, normal strength, and normal grip." (Tr. 23).

2)  In March 2014, plaintiff "underwent an anterior cervical discectomy fusion" with "preservation of the motor pathways during the operative procedure." (Id.).

3)  Later in March 2014, plaintiff "underwent a physical therapy evaluation and was provided with a home exercise program." (Id.).

4)  "The claimant reported she was doing quite well, that most of her arm pain was gone, and her right upper and right lower extremity strength was gradually improving." (Id.).

5)  In April 2014, plaintiff "was discharged from physical therapy due to goals being met." (Id.).

6)  In September 2014, plaintiff "went to the hospital with right arm and leg pain" and "had a normal range of motion in the neck, no tenderness, and her upper and lower extremities were normal," although with "some muscle spasms in the upper and lower back muscles." (Id.).

7)  In follow up with her doctor, plaintiff "reported exercising regularly with exacerbation of right arm C6 distribution pain, and L5 leg pain," whereas "a neurological examination was normal in all extremities." (Tr. 23-24).

8)  In March 2015, claimant "reported exercising five days per week," had "mildly limited cervical spine range of motion, tenderness in the right trapezius, full range of motion of the right shoulder with pain at extremes, and full range of motion of the right wrist with

6

tenderness and weakness of grip." (Tr. 24). "An EMG study was normal." (Id.). "[N]erve conduction study was normal." (Id.).

Several of the medical records expressly cited by the ALJ and underlying the above findings by the ALJ do not expressly discuss lifting limitations or weakness. (See, e.g., Tr. 500-501 (discussing physical therapy evaluation and discharge)). Several of those expressly cited, however, describe full strength or minor degree of weakness upon examination, including:

1) On April 10, 2014, finding: "Musculoskeletal: Normal range of motion . . . . Neurological . . .normal strength." (Tr. 433).

2) On April 11, 2014, finding: "Neurologic: . . . Full shrug bilaterally. . . . Rt hg 4/5, Left df 4+/5 o/w 5/5 x 4" (Tr. 429)

3) In May 2014, for right upper extremity, finding: "5/5 delt, 5/5 bi, 5/5 tri, 5/5 we 5/5 wf, 5/5 hg, 4-/5 hi . . . . Right grip Mild weakness and numbness." (Tr. 425).

4) In September 2014, finding plaintiff "has had pain in the right arm with numbness and subtle weakness," (Tr. 462), and "motor exam with slight weakness in the right upper extremity limited by pain." (Tr. 464).

5) In March 2015, finding: "Musculoskeletal: Not Present - Muscle Weakness." (Tr. 546).

Thus, the ALJ's determination as to plaintiff's functional limitations in lifting are supported by substantial evidence and the ALJ explained in sufficient detail the evidence bearing on this determination.

Plaintiff argues, nonetheless, that the ALJ failed to sufficiently address "findings of objective weakness in her upper extremities." (Obj. at 3). The findings cited by plaintiff, however, are addressed by the ALJ's detailed review of the same evidence in the record, as outlined above. (See,

7

e.g., Tr. 367 (March 2014, "strength is gradually improving"); 370 (January 2014, "4/5 strength" in right upper extremity); 425 (May 2015, "Mild weakness"); 429 (April 2014, "Rt hg 4/5 . . ."); 465 (September 2014, "spasm in her upper back muscles"); 475-76 (March 2014, "Muscle Test" Right at 4, 4-); 479-80 (April 2014, "Muscle Test" Right at 4+, 5); 577 & 586 (March 2015, "weakness of grip").

In sum, this is not a case, as plaintiff contends where "the record contains conflicting evidence as to [plaintiff's] residual functional capacity – evidence that the ALJ did not address." (Obj. at 3 (quoting Mascio, 780 F.3d at 637)). Here, the ALJ sufficiently discussed the full range of evidence bearing upon plaintiff's upper extremity weakness, and the ALJ's determination is supported by substantial evidence. Therefore, remand is not required for further function by function analysis.

## CONCLUSION

Based on the foregoing, upon careful review of the M&R and the record, the court ADOPTS the M&R as its own. Plaintiff's motion for judgment on the pleadings (DE 15) is DENIED, and defendant's motion for judgment on the pleadings (DE 21) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this the 28th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge